IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METABOLIX, INC. and UNIVERSITY OF MASSACHUSETTS | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 1:10-cv-11176 |
| INTERNATIONAL PAPER COMPANY | ) ) ) | |
| Defendant. | ) ) | |

## ANSWER AND COUNTERCLAIM OF DEFENDANT INTERNATIONAL PAPER

Defendant, International Paper Company ("IP"), through its attorneys, hereby responds to each numbered paragraph of the Complaint filed by plaintiffs Metabolix, Inc. and University of Massachusetts (collectively, "Plaintiffs") as follows:

1. IP states that paragraph 1 of the Complaint states a conclusion of law to which no response is required. To the extent that paragraph 1 can be interpreted to assert factual allegations, IP denies those allegations.

2. IP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies the same.

3. IP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies the same.

4. IP denies that it is a corporation organized under the laws of the State of Delaware. IP admits the remaining allegations contained in paragraph 4 of the Complaint.

5. IP states that paragraph 5 of the Complaint states conclusions of law to which no response is required, however, to the extent any facts are alleged, the same are denied.

6. IP states that paragraph 6 of the Complaint states conclusions of law to which no response is required, however, to the extent any facts are alleged, the same are denied.

7. IP states that paragraph 7 of the Complaint states conclusions of law to which no response is required, however, to the extent any facts are alleged, the same are denied.

8. IP admits that on or about March 16, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,883,199, entitled "Polylactic Acid-Based Blends." IP further admits that Exhibit A is said to be a copy of the '199 Patent. IP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and therefore denies the same.

9. IP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10. IP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11. IP is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. In response to paragraph 12 of the Complaint, IP repeats and reasserts its responses to paragraphs 1 through 11 of the Complaint as though fully set forth herein.

13. IP denies the allegations contained in paragraph 13 of the Complaint.

14. IP denies the allegations contained in paragraph 14 of the Complaint.

15. IP denies the allegations contained in paragraph 15 of the Complaint.

All averments of the Complaint not otherwise expressly admitted or denied are hereby denied.

4751754v1

## OTHER DEFENSES

Having fully answered each allegation of the complaint, IP states its other defenses as follows:

As separate and distinct defenses to the Complaint, IP, without conceding that it bears the burden of proof as to any of the following or any other issues or matters and without admitting any of the allegations of the Complaint, or that any of the following is or is not an affirmative defense, asserts the following:

1. The Complaint fails to state a claim upon which relief may be granted.

2. All claims asserted in the Complaint are barred by the applicable statutes of limitations, including, in particular, 35 U.S.C. § 286.

3. All claims asserted in the Complaint are barred by estoppel.

4. All claims asserted in the Complaint are barred by unclean hands.

5. All claims asserted in the Complaint are barred by laches.

6. All claims asserted in the Complaint are barred by acquiescence.

7. All claims asserted in the Complaint are barred by license.

8. All claims asserted in the Complaint are barred by release.

9. All claims asserted in the Complaint are barred by waiver.

10. All claims asserted in the Complaint are barred by patent misuse.

11. All claims asserted in the Complaint are barred by illegality.

12. One or both of the Plaintiff parties lacks standing to assert the claims in the Complaint.

13. All claims for damages asserted in the Complaint for activities that occurred prior to filing this suit are barred by at least operation of 35 U.S.C. § 287 including, but not limited to, failure to properly mark in accordance with § 287(a).

14. U.S. Patent No. 5,883,199 and each of its claims is and are invalid and/or unenforceable in that the '199 Patent does not satisfy one or more of the criteria set forth in Title 35 of the United States Code including, but not limited to, the criteria of patentability of §§ 101, 102, and 103 thereof, and/or the application disclosure or inventor requirements of 35 U.S.C. § 111, *et seq.*

15. No method practiced, used, sold, or offered for sale by IP, no product made, used, sold, or offered for sale by IP, nor any activity of any kind in which IP has engaged or is engaged, infringes or has infringed any valid claim of the '199 Patent.

IP reserves the right to assert such other and further defenses including, but not limited to, affirmative defenses, of which it may become aware after the filing of this pleading.

## COUNTERCLAIMS

To explain the basis of its Counterclaims, at least in part, IP offers the following general statement of facts:

## THE PARTIES

1. Defendant and Counterclaim Plaintiff International Paper Company ("IP") is a corporation organized and existing under the laws of the State of New York and has a principal place of business at 6400 Poplar Avenue, Memphis, Tennessee 38197.

2. On information and belief, Plaintiff and Counterclaim Defendant, Metabolix, Inc. ("Metabolix"), is a corporation organized under the laws of Delaware with a principal place of business at 21 Erie Street, Cambridge, Massachusetts 02139.

3. On information and belief, Plaintiff and Counterclaim Defendant, the University of Massachusetts ("U. Mass."), is a public institution and state university organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 225 Franklin

4751754v1

Street, Boston, Massachusetts 02110. (Metabolix and U. Mass. are referred to herein collectively at times as "Counterclaim Defendants").

## JURISDICTION

4. Count I of this action seeks a declaration from the Court of noninfringement and invalidity of one or more patents under Title 35 of the United States Code. Subject matter jurisdiction for Count I is conferred on this Court by at least 28 U.S.C. §§ 1338, 2201 and 2202.

5. On information and belief, Metabolix now has and at all times relevant hereto has had substantial, systematic, and continuous business contacts with the State of Massachusetts and with the District of Massachusetts in connection with the development, sale, and/or offering for sale of, among other things, one or more biodegradable polyesters which may be, or are, combined with one or more other biodegradable polymers including, but not limited to, polylactic acid polymers.

6. This Court has personal jurisdiction over Metabolix.

7. On information and belief, U. Mass. now has and at all times relevant hereto has had substantial, systematic, and continuous business contacts with the State of Massachusetts and with the District of Massachusetts in connection with the development, sale, and/or offering for sale of, among other things, one or more biodegradable polyesters which may be, or are, combined with one or more other biodegradable polymers including, but not limited to, polylactic acid polymers.

8. This Court has personal jurisdiction over U. Mass.

9. Venue is proper in this district as to the activities of the Counterclaim Defendants and both of them under at least 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

10. Continuously for at least the last 100 years, IP has been and is now engaged in the business of, among other things, designing, developing, manufacturing, and selling paper and paperboard products, some of which, in recent times contain products sold under the Ecotainer® brand which contain a biodegradable film coating thereon comprising a biodegradable graft copolymer formed as a reaction product of a polylactic acid and a graft copolymer polyester (hereinafter "IP Products").

11. On March 9, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,889,199, entitled "Polylactic Acid-Based Blends", and naming Stephen P. McCarthy, Richard A. Gross, and Wenguang Ma as the alleged inventors of the subject matter claimed therein. Upon information and belief, McCarthy, Gross, and Ma have each assigned all of their right, title, and interest, if any, in the subject matter of the '199 Patent to U. Mass. Upon information and belief, U. Mass. has exclusively licensed the '199 Patent to Metabolix. A copy of the '199 Patent is attached hereto as Exhibit A.

12. IP purchases the biodegradable graft copolymer material for the coating from DaniMer Scientific, LLC ("DaniMer") in Bainbridge, Georgia. The biodegradable graft copolymer material is provided to IP by DaniMer under the product identifier DaniMer Resin 26806, and is coated onto the surface of the paperboard substrate by IP as received from DaniMer in the form of a coating "as is."

13. Prior to commencement of the present action, Counterclaim Defendant Metabolix had communications with DaniMer about its 26806 biodegradable PLA-based resin, and was informed by DaniMer that this PLA-based resin was supplied to IP by DaniMer for use in making the biodegradable coating on IP's Ecotainer® product. Also prior to commencement of this action, Metabolix told DaniMer about its exclusive license under the '199 Patent of U. Mass.

6

and that it had already licensed the '199 Patent to one entity for its alleged sale of biodegradable PLA-based resins, and that Metabolix was under pressure to enforce the '199 Patent against others who may be making or selling biodegradable PLA-based resins. Of course, Metabolix knew at the time that DaniMer was selling its biodegradable 26806 PLA-based resin to IP for IP's Ecotainer® product. Not long after these discussions, Metabolix and U. Mass. brought this action against IP for alleged infringement of the '199 Patent.

14. On information and belief, the presence of DaniMer's biodegradable 26806 PLA-based resin as a biodegradable PLA-based coating material on IP's biodegradable Ecotainer® paperboard product was the sole and only reason IP was sued in the present a case for alleged infringement of the '199 Patent.

15. Counterclaim Defendants and each of them have alleged, among other things, that the manufacture, use, sale, or offer to sale of the IP Products by IP, namely the Ecotainer® product, infringes one or more claims of the '199 Patent due to the presence of the biodegradable PLA-based polymer coating thereon supplied to IP by DaniMer.

16. IP denies all allegations of Counterclaim Defendants and each of them in the Complaint or otherwise that any of the IP Products including, but not limited to, the coating thereon, fall under the scope of or infringe any of the claims of the '199 Patent, or that any activity of IP infringes upon or violates any right or interest of Counterclaim Defendants or either of them pertaining to the '199 Patent.

17. IP contends that any/all claims of the '199 Patent that encompass in their scope any of the IP Products with the PLA-based coating supplied by DaniMer thereon and/or the coating material itself are invalid and/or unenforceable under 35 U.S.C § 102, *et seq*.

18. IP contends that none of the IP Products with the PLA-based coating thereon, nor the coating material itself, fall under the scope of any of the claims of the '199 Patent.

7

19. IP contends that no activity of IP pertaining to any of the IP Products or any other product, service, or subject matter infringes or violates any right or interest of Counterclaim Defendants or either of them pertaining to the '199 Patent.

### COUNT I - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF PATENT

20. IP hereby restates the allegations of paragraphs 1 through 16 as if fully set forth herein, and for its Count I states as follows:

21. The acts of Counterclaim Defendants and each of them as alleged herein including, but not limited to, the allegations of Counterclaim Defendants and each of them that the IP Products infringe the '199 Patent, all said to arise from or relate to the manufacture, use sale and/or offer of sale of the IP Products and, in particular, the PLA-based coating thereon supplied to IP by DaniMer have created and are creating a present, actual, and justiciable controversy between and among IP and Counterclaim Defendants and each of them concerning the matter of whether any of the IP Products or the PLA-based resin coating thereon supplied to IP by DaniMer infringe(s) any claim of the '199 Patent and whether any claim of the '199 Patent which encompasses in its scope the IP Products or the PLA-based resin coating thereon supplied to IP by DaniMer is invalid and/or unenforceable.

22. The manufacture, use, sale, or offer of sale of the IP Products or any other activity of IP connected therewith or otherwise including, but not limited to, the making, using, selling, or offering for sale of any such IP Products containing the PLA-based coating thereon supplied by DaniMer has not and does not infringe any of the claims of the '199 Patent, or violate any right or interest of any of the Counterclaim Defendants or either of them pertaining to the '199 Patent.

23. The claims of the '199 Patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the Patent Act) including, but not limited to, the criteria of §§ 102, 103, and 112 thereof.

24. The '199 Patent is invalid and/or unenforceable by reason of the failure of one or more persons connected with the preparation, filing, or prosecution of the application or applications which gave rise to or relate to the '199 Patent to fully or adequately comply with all applicable requirements of law pertaining to their duty of good faith and candor to the United States Patent and Trademark Office including, but not limited to, the duties and requirements of 37 C.F.R. § 1.56.

## PRAYER FOR RELIEF

WHEREFORE, IP respectfully requests the following relief:

1. That all claims of Metabolix, Inc. and U. Mass. in the Complaint be dismissed in their entirety and with prejudice, with Plaintiffs and Counterclaim Defendants and each of them taking nothing;

2. That this Court render a judicial determination of the rights and liabilities of the parties in relation to the '199 Patent on the matters at issue herein and enter a decree to the effect that, among other things:

    a. IP has not committed any act that would constitute direct, indirect, contributory, or any other infringement of any valid and enforceable claim of the '199 Patent;

    b. The claims of the '199 Patent are invalid, void and/or unenforceable;

    c. IP has not, by reason of its current or past manufacture, sale, use, or offer for sale of any of the IP Products or any other paper or paperboard or other products containing a PLA-based biodegradable polymer or any such polymer as a coating

thereon, infringed, and is not currently infringing any patent which may be owned by any of the Plaintiffs and Counterclaim Defendants;

    d. This case is exceptional under 35 U.S.C § 285; and

    e. IP be awarded its costs and reasonable attorney's fees pursuant to at least 35 U.S.C. § 285.

3. That this Court issue an injunction preliminarily and permanently restraining and enjoining Metabolix and U. Mass., their agents, servants, employees, attorneys, assigns and successors in interest, and those persons acting in concert or participation with Metabolix and/or U. Mass. who receive actual notice of the order by personal service or otherwise from asserting, outside of these proceedings, that IP or any customers or suppliers of IP including, but not limited to, DaniMer Scientific, LLC has infringed or is currently infringing the '199 Patent or has committed or is committing any acts in violation of any rights of Metabolix and/or U. Mass. with respect to the '199 Patent.

4. That the Court declare this an exceptional case under 35 U.S.C. § 285 and award IP its reasonable attorneys' fees and costs.

5. That the Court award IP such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

IP demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

October 20, 2010                                                                 Respectfully submitted,

                                                     */s/ Courtney M. Schou*
Eric J. Marandett (BBO No. 561730)
Courtney M. Schou (BBO No. 671104)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.:  (617) 248-5000
Fax:  (617) 248-4000
emarandett@*choate.com*

*Of Counsel:*                                                         cschou@*choate.com*

Mark S. Graham, TN BPR No. 11,505
J. David Gonce, TN BPR No. 20,100
Michael J. Bradford, TN BPR No. 22,689
LUEDEKA, NEELY & GRAHAM, P.C.
P.O. Box 1871
Knoxville, TN 37901
Telephone:  865-546-4305
Facsimile:  865-523-4478

4751754v1

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 20, 2010.


              */s/ Courtney M. Schou*
              Courtney M. Schou

4751754v1