IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| METABOLIX, INC. and UNIVERSITY OF MASSACHUSETTS )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>INTERNATIONAL PAPER COMPANY )<br>)<br>    Defendant. )<br>) | Civil Action No. 1:10-cv-11176 |

**PLAINTIFF UNIVERSITY OF MASSACHUSETTS'
ANSWER TO COUNTERCLAIMS
<u>OF DEFENDANT INTERNATIONAL PAPER COMPANY</u>**

Plaintiff University of Massachusetts ("UMass"), by and through its counsel, pleads as follows to the Counterclaims of Defendant International Paper Company ("IP") as follows:

**THE PARTIES**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Admitted.

3. Admits the allegations of paragraph 3, except denies the principal place of business of UMass is at 225 Franklin St., Boston, MA.

**JURISDICTION**

4. To the extent that the paragraph alleges a legal conclusion, no answer is required, but otherwise denied, including expressly denying that this Court has

jurisdiction over UMass with respect to any issues other than with respect to the '199 patent in suit..

5. Upon information and belief and based upon the Answer filed by Metabolix, admitted.

6. Upon information and belief and based upon the Answer filed by Metabolix, admitted.

7. Admits the UMass, through certain of its employees has engaged in research and development relating to biodegradable polymers, and otherwise denies the allegations of paragraph 7.

8. Admits that this Court has personal jurisdiction over UMass to the limited extent that UMass has consented to be joined as a necessary party in this action by Metabolix for infringement of the '199 patent-in-suit, and otherwise denies the allegations of paragraph 8.

9. Admitted with respect to Metabolix.  With respect to UMass, admits that venue is proper over UMass to the limited extent that UMass has consented to be joined as a necessary party in this action by Metabolix for infringement of the '199 patent-in-suit, and otherwise denies the allegations of paragraph 9.

## BACKGROUND

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that International Paper makes, uses and/or sells a product with a biodegradable coating under the brand Ecotainer.

11. Denied, except admits that UMass has granted certain exclusive rights in the '199 patent in suit to Metabolix.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Denied.

15. Admits that UMass has alleged, "Defendant has been and is infringing the '199 patent by making, using, offering for sale, or selling infringing products, including at least those products sold under the name 'ecotainer'" and otherwise denies the allegations.

16. To the extent that the paragraph contains only characterizations of Defendant's Answer to Complaint and no allegations of fact, no answer is required; alternately, to the extent the paragraph alleges what Defendant alleges or contends beyond that which is stated in Defendant's Answer to Complaint, UMass denies knowledge of information sufficient to form a belief as to the truth of the allegations.

17. To the extent that the paragraph contains only characterizations of Defendant's Answer to Complaint and no allegations of fact, no answer is required; alternately, to the extent the paragraph alleges what Defendant alleges or contends beyond that which is stated in Defendant's Answer to Complaint, UMass denies knowledge of information sufficient to form a belief as to the truth of the allegations.

18. To the extent that the paragraph contains only characterizations of Defendant's Answer to Complaint and no allegations of fact, no answer is required; alternately, to the extent the paragraph alleges what Defendant alleges or contends

beyond that which is stated in Defendant's Answer to Complaint, UMass denies knowledge of information sufficient to form a belief as to the truth of the allegations.

19.     To the extent that the paragraph contains only characterizations of Defendant's Answer to Complaint and no allegations of fact, no answer is required; alternately, to the extent the paragraph alleges what Defendant alleges or contends beyond that which is stated in Defendant's Answer to Complaint, UMass denies knowledge of information sufficient to form a belief as to the truth of the allegations.

## COUNT I - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF PATENT

20.     UMass repeats and incorporates by reference, as if fully set forth herein, the answers contained in paragraphs 1 through 19 above.

21.     Admits that an actual, justiciable controversy exists as between UMass and IP with respect to infringement and validity of the '199 patent, but denies that any present, actual, or justiciable controversy exists between UMass and Danimer, or between UMass and IP with regard to any of IP's allegations and contentions involving Danimer.

22.     Denied.

23.     Denied.

24.     Denied.

## AFFIRMATIVE DEFENSES

1.      The Counterclaims fail to state a claim upon which relief may be granted.

2.      The Counterclaims are barred by the doctrine of unclean hands.

3.      The Counterclaims are equitable in nature and as such the right to jury trial does not exist with respect to such claims.

4. There is no present, actual, or justiciable controversy between UMass and Danimer or between UMass and Defendant related to Danimer and as such this Court lacks jurisdiction to adjudicate any such claim.

5. By virtue of the sovereign immunity of UMass, this Court lacks jurisdiction over the subject matter of this action and the person of UMass to the extent that the claims are outside the consent of UMass to be named as a necessary party in this litigation with respect to Metabolix's claims for infringement of the '199 patent. Notwithstanding any other statement or allegation of UMass, UMass expressly states that it has not waived and will not waive its sovereign immunity with respect to any other claims or jurisdictions.

UMass reserve the right to assert additional affirmative defenses of which it may become aware after the filing of this Answer to Counterclaims.

## PRAYER FOR RELIEF

In addition to the relief requested in the Complaint, which is hereby incorporated by reference, UMass respectfully requests the following additional relief:

1. Dismissal of IP's counterclaims in their entirety with prejudice; and

2. Entry of judgment that the claims of the '199 are not invalid and are not unenforceable.

| | |
|---|---|
| November 15, 2010 | Respectfully submitted,<br>University of Massachusetts<br><br>*By its attorneys*,<br><br>Martha Coakley<br>Attorney General of the Commonwealth of Massachusetts<br><br>/s/ Heidi E. Harvey<br>Heidi E. Harvey (BBO# 548114)<br>Special Assistant Attorney General<br>Fish & Richardson P.C.<br>One Marina Park Drive<br>Boston, MA 02210<br>Tel: (617) 542-5070<br>Fax: (617) 542-8906<br>harvey@fr.com |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on the above date.

/s/ Heidi E. Harvey
Heidi E. Harvey